**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | : **CIVIL ACTION NO.** |
| *Plaintiff*, | : **18-CV-____** |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| UPROXX MEDIA, INC. | : |
| *Defendants.* | : |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Michael Grecco Productions, Inc. ("Grecco Productions"), seeking monetary relief, alleges as follows:

**ADDRESSES**

1. The address of each named party is as follows:

Michael Grecco Productions, Inc., 3103 17th Street, Santa Monica, California 90405;

Uproxx Media, Inc., 10381 Jefferson Blvd., Culver City, California 90232.

**NATURE OF THE ACTION**

2. Grecco Productions brings this complaint for direct, contributory, and vicarious copyright infringement against the defendants under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, requesting actual or statutory damages stemming from the defendants' for-profit, unauthorized exploitation of Grecco Productions' copyrighted photographic images.

**JURISDICTION AND VENUE**

3. This court has subject matter jurisdiction over the copyright infringement claim, with jurisdiction vested in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

4. This Court has general personal jurisdiction over the defendant because it resides in and does business in New York.

5. Venue in this judicial district is proper under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b)(1).

## PARTIES

6. Plaintiff, Grecco Productions, is a photography studio and business owned and operated by photographer Michael Grecco ("Mr. Grecco"). Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc., and is incorporated in California.

7. Uproxx Media, Inc. ("Uproxx"), is a Delaware corporation whose principal offices are in California. It is registered to do business in New York with the New York State Department of State, Corporations Division. Uproxx holds itself out to the public as having business offices in Manhattan and, on the basis of that information and belief, Plaintiff alleges that it does so.

8. Uproxx owns and operates a website at the URL "www.uproxx.com."

## FACTS

### Grecco Productions is a Professional Photography Business

9. Mr. Grecco, principal and sole shareholder of Grecco Productions, is an award winning commercial photographer and film director. He is noted for his celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies and such widely recognized media, advertisement, and entertainment organizations as *Time, People Magazine, Newsweek, Esquire, Vanity Fair, Forbes, Rolling Stone, Wired, Entertainment Weekly, ESPN*, among others. He has developed a specialty reputation as a

celebrity photographer who has been retained to photograph subjects including Martin Scorsese, Hugh Hefner, Robert Duvall, Lucy Liu, Will Ferrell, Mel Brooks, Christina Applegate, Ben Stiller, Owen Wilson, Penelope Cruz, Jet Li, Bill Murray, Joaquin Phoenix, and Rene Russo.

10. Mr. Grecco is the author of two technical treatises, *The Art of Portrait Photography, Creative Lighting Techniques and Strategies*, Amherst Media (2000) ISBN 0936262850, and *Lighting and the Dramatic Portrait, the Art of Celebrity and Editorial Photography*, Amphoto (2006) ISBN 0817442278.  He is also the author of *Naked Ambition: An R Rated Look at an X Rated Industry*, Rock Out Books (2007) ISBN 0979331404, and he is also the director of a 2009 documentary film with the same title.  Michael Grecco received the Hasselblad Masters Award in June 2001 and several awards in the 2011 Prix de la Photographie Paris competition.

11. In 2012 Mr. Grecco was a recipient of the Professional Photographer Leadership Award from the United Nations International Photographic Council in recognition of his work with the American Photographic Artists ("APA") organization. His reputation for professional service turns, in part, on his efforts to educate photographers concerning the benefits of copyright registration as a way to combat the pandemic of image piracy of that accompanied the rise of the internet.  Mr. Grecco serves on the board of APA as national Executive Vice President, and is the chair of the Advocacy Committee which fights for the rights of image creators.

12. An article in the October 12, 2015 issue of *Photo District News* titled "How (And Why) To Make Copyright Registration Part Of Your Workflow" consists of an interview with Mr. Grecco concerning his system of routine copyright registration procedures for the benefit of the profession.  As he states in that article, Mr. Grecco believes that the economic viability of photography as an art and profession is endangered because "[p]eople are systematically

stealing, and we need to systematically defend ourselves."

13.     By complying with copyright registration requirements, and then asserting their rights to statutory damages under the Copyright Act, Mr. Grecco contends that photographers can tum the table on commercial content pirates.   Mr. Grecco also leads workshops, addresses conferences and has released an educational video to assist artists in protecting their intellectual property from on-line thieves.

14.     In keeping with his advice to the profession, Mr. Grecco spends time and money to actively search for hard-to-detect infringements, and he enforces his rights under the Copyright Act.

### Uproxx Operates A Media Business

15.     Uproxx is a media company and digital publisher that owns multiple entertainment sites and creates branded content.  The company is headquartered in Culver City, California, with offices and production facilities in New York and Chicago. As of 2017, its main brands are UPROXX, HitFix, Dime, Real Talk, With Spandex, and BroBible, which are all aimed at a millennial male audience.

### Grecco Productions Created and Registered Its Copyright in the Protected Work

16.     Mr. Grecco photographed actors David Duchovny and Gillian Anderson portraying characters in the "X-files" science fiction television program in which they starred.  *See* First Protected Work images at Exhibit "1"; Second Protected Work image at Exhibit "2"; Third Protected Work at Exhibit "3"; Fourth Protected Work at Exhibit "4"; Fifth Protected Work at Exhibit "5"; and Sixth Protected Work at Exhibit "6."

17.     Grecco Productions registered the First Protected Work with the Copyright Office as Registration Number VA 1-418-417 effective December

6, 2006.  *See* Exhibit "7."

18. Grecco Productions registered the Second, Fifth, and Sixth Protected Work with the Copyright Office as Registration Number VA 2-030-741 effective January 22, 2017. *See* Exhibit "8."

19. Grecco Productions registered the Third Protected Work as Registration Number VA 1-232-596 effective September 8, 2003.  *See* Exhibit "9."

20. Grecco Productions registered the Fourth Protected Work as Registration Number VA 2-063-319 effective July 27, 2017.  *See* Exhibit "10."

21. Grecco Productions retained all rights in the images which it licensed to various end users, including the studio that produced the X-Files program and the networks on which the programs were broadcast.

22. Grecco Productions also licenses Grecco's celebrity images, including images of actors Duchovny and Anderson portraying X-files characters, on its stock image website.  The fee for licensed editorial use of one comparable image for a maximum of two years is $3,372.  *See* Exhibit "11."

**Infringement of Grecco Production's Image**

23. On January 13, 2015, Uproxx posted to its website an article by Josh Kurp (identified as "Senior Pop Culture Editor" in earlier versions of the post) titled "David Duchovny's Favorite 'X-files Fan Fiction Is an Erotic Surprise" (the "First Accused Work").  It republished an image from the First Protected Work.

5

*See* Exhibit "12."

24. Uproxx also copied the image from the First Protected Work that it used for the First Accused Work to its own server at the URL location https://uproxx.files.wordpress.com/2015/01/screen-shot-2015-01-30-at-12-21-20-pm.png?w=650&h=419.   *See* Exhibit "13."

25. The First Accused Work was still displayed on the Uproxx website on August 23, 2018 with continuously displayed advertisements and links from which Uproxx earned income.

26. Grecco Productions never granted Uproxx any license to copy the First Protected Work.

27. Plaintiff's infringement detection service discovered the First Accused Work on July 23, 2016.

28. On January 30, 2015, Uproxx posted to its website an article by writer Josh Kurp titled "Gillian Anderson is Down for the 'X-files to Return but Needs Your Help."  It republished an image from the Second Protected Work (the "Second Accused Work").  *See* Exhibit "14."

29. Uproxx also copied the image that it used for the Second Accused Work to its own server at the URL location https://uproxx.files.wordpress.com/2015/01/xfiles.jpg?w=650&quality=95&h=404 .  *See* Exhibit "15."

30. The Second Accused Work was still displayed on the Uproxx website

on August 23, 2018 with continuously displayed advertisements and links from which Uproxx earned income.

31. Grecco Productions never granted Uproxx any license to copy the Second Protected Work.

32. Plaintiff's infringement detection service discovered the Second Accused Work on April 23, 2016.

33. On a date that is uncertain, but which Plaintiff alleges on information and belief was in January, 2018, Uproxx posted to its website a list of images linking to articles titled "THE XFILES" which republished four Protected Works (the "Third Accused Work"). *See* Exhibit "16."

34. The infringing uses in the Third Accused Work were captioned "Thanks to 'The X-Files,' the creepiest state in the nation has been identified" (Sixth Protected Work), "The 'X-Files' Theme in a major key is totally unnerving" (Third Protected Work), "FOX execs weigh in on 'X-Files' scheduling, the future of '24'" (Fifth Protected Work) and "Most anticipated Comic-Con TV panels of 2013: 'X-Files,' 'Doctor Who,' 'S.H.I.E.L.D." (Fourth Protected Work).

35. Uproxx also copied the images from the Protected Works that it used for the Third Accused Work to its own server. *See* Exhibit "17."

36. Grecco Productions never granted Uproxx any license to copy the Third, Fourth, Fifth or Sixth Protected Works.

37. Plaintiff's infringement detection service discovered the Third Accused Work on January 28, 2018.

38. The Accused Works did not transform the protected work. Their text did not did not comment on, criticize, or discuss the Protected Works. The images of the Protected Works were simply used to illustrate its subject. That is the use for which Mr. Grecco creates his works so that Plaintiff may license it for a fee.

## COUNT I

### (Copyright Infringement, 17 U.S.C. § 501)

39. Grecco Productions incorporates the allegations contained in paragraphs 1-38.

40. Grecco Productions is the author and copyright owner of the Protected Works.

41. Defendant reproduced, displayed, distributed or otherwise copied the Protected Works on uproxx.com without Grecco Productions' license or authorization.

42. The actions and conduct of the defendant, as described above, infringed upon the exclusive rights granted to photographers under 17 U.S.C.A. 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C.A. 501.

43. Grecco Productions has complied in all respects with 17 U.S.C. §§

101 *et seq.*, and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works pursuant to 17 U.S.C. § 408.

44. Grecco Productions is entitled to elect statutory damages under 17 USC § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered prior to the infringement.

45. Commercial infringement by publishers in an industry in which copyrights are prevalent and well-understood will support an award of enhanced statutory damages for willful infringement under Section 504(c)(2) of the Copyright Act in the sum of up to ($150,000.00) per infringed work.

46. In the alternative, Grecco Productions is entitled to elect recovery of actual damages and the defendants' profits attributable to the infringement of the Protected Works pursuant to 17 U.S.C. 504(b). The actual damages here consist of two two-year licensing terms for four images the total cost of which depends on length of time they were used, which is unknown at to the works in the Third Accused Work, plus disgorgement of whatever benefit Uproxx realized from its use of Grecco Production's property.

47. Within the time permitted by law, Grecco Productions will make its election between actual damages and profit disgorgement, or statutory damages.

48. Grecco Productions may seek an award of attorney's fees and costs pursuant to 17 USC § 412 and § 505 for infringements of works registered prior to their unauthorized use.

## COUNT II
### (Vicarious and/or Contributory Copyright Infringement)

49. Grecco Productions incorporates by reference all the allegations of paragraphs 1 through 48.

50. If Uproxx is not liable as direct infringer of the Protected Works, it is secondarily liable for the infringements directly committed by others presently unknown ("Individual Infringers") who copied the Protected Work.

51. Uproxx contributed to, induced, or assisted the initial infringements by the Individual Infringers who acted under Uproxx's direction and control using computer technology and support services provided by Uproxx.

52. Uproxx contributed to, induced, or assisted the infringements by the Individual Infringers by controlling the publication of the Accused Works.

53. Uproxx had, or should have had, knowledge of the infringements of the Individual Infringers who were its supervised and edited editorial contributors.

54. As publishers of the Uproxx.com website, the defendant had the right and ability to supervise the infringing activity. It was aware of, or should have been aware of, the infringements which were published on the defendant's website without any right or license.

55. The defendant obtained some financial benefit from the infringement of Grecco Productions' rights in the Protected Work because it published advertisements on the Accused Works, because the accused works were a draw for viewers regardless of the revenue received from advertising, and because they

were part of the content inventory that Uproxx valorizes by continuous display. Accordingly, it had an incentive to permit infringement by the direct infringers.

56.   As a direct and proximate result of said acts of secondary infringement, Grecco Productions has suffered damages in an amount to be proven at trial.

## RELIEF

WHEREFORE, Grecco Productions request judgment against Uproxx for:

1.   A finding that Uproxx infringed Grecco Productions' copyright interests in the Protected Work by copying and publishing it for commercial purposes without any license or consent;

2.   An award of actual damages and disgorgement of all of Uproxx's profits attributable to the infringement, as provided by 17 U.S.C. §504, in an amount to be proven at trial;

3.   An order, pursuant to 17 U.S.C. 502(a), enjoining Defendant from any infringing use of any of Grecco Productions' works;

4.   An order, pursuant to 17 U.S.C. §§ 502 and 503, impounding or enjoining Defendant to turn over to Grecco Productions all copies of the Protected Work claimed to have been made or used in violation of the exclusive right of the copyright owners; all plates, tapes, film negatives, or other articles by means of which such copies may be reproduced; and records documenting the manufacture, sale, or receipt of things involved in any such violation.

5.   Pretrial interest as permitted by law; and

6.   Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Grecco Productions demands trial by jury in this action of all issues so triable.

                              Respectfully submitted,
                              **SPECTOR GADON & ROSEN, P.C.**

                          By: */s/ Bruce Bellingham*
                              Bruce Bellingham, Esquire
                              David B. Picker, Esquire
                              1635 Market Street, 7th Floor
                              Philadelphia, PA 19103
                              (215) 241-8916
                              *bbellingham@lawsgr.com*
                              *dpicker@lawsgr.com*
September 17, 2018              *Attorneys for Plaintiff*